[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12182
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60191-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE WITHERSPOON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 13, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Following a bench trial in the district court, appellant was convicted of

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and sentenced to prison for a term of 180 months. He now appeals his conviction, raising one issue: whether, following a hearing on appellant's motion to suppress evidence, i.e., the gun that led to appellant's conviction, the district court clearly erred in crediting the testimony of Detective Gonzalez that appellant possessed a gun in his waistband and in denying the motion to suppress based on that testimony. Appellant contends that, because Gonzalez did not have reasonable suspicion, the district court should have suppressed the gun and ammunition found during the pat-down search. Appellant contends, moreover, that court clearly erred in its implicit decision not to credit consistent testimony from a second detective, Mazzola, and from appellant's friend, Bien-Aime, which contradicted the officer's testimony. Appellant says that Gonzalez stopped him based on a mere "hunch." Accordingly, the court erred in denying the motion to suppress, and the conviction should be vacated.

In determining whether the district court erred in denying the motion to suppress, we review the district court's findings of fact for clear error and application of the law to those facts *de novo*. *United States v. Epps*, 613 F.3d 1093, 1097 (11th Cir. 2010). The district court's credibility determinations are among the factual findings that we must accept unless they are "so inconsistent or

2

improbable on their face that no reasonable factfinder could accept them." *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010) (citation and brackets omitted).

We analyze the legality of pat-down searches according to the principles of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "under which the police may stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking." *Id.* at 1202 (quotation omitted). A *Terry* stop is justified when the officer has a "reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity." *Id.* Furthermore, an officer may proceed with a pat-down search of a person he has detained "if he has reason to believe that his own safety or the safety of others is at risk." *Id.* However, "[t]he officer need not be *absolutely certain* that the individual is armed" in order to justify a pat-down search. *Id.* (quoting *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883) (emphasis in original). Rather, the issue is whether a reasonably prudent man in the circumstances would be warranted in believing that his safety or the safety of others was in danger. *Id.*

In this case, the district court's determination that Detective Gonzalez's testimony was credible was not clearly erroneous. Nothing in the record shows

the testimony "so inconsistent or improbable on [its] face that no reasonable factfinder could accept" it.  The court considered the credibility of the witnesses, and even though it found that Bien-Aime was a credible witness "in a lot of respects[,]" its decision to credit Gonzalez's testimony, to the extent that it differed from Bien-Aime's, was not clearly erroneous.

AFFIRMED.